FILED
United States Court of Appeals
Tenth Circuit

December 21, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VINCENT DANYALE ROGERS, also
known as Vincent D. Rogers,

    Defendant - Appellant.

No. 07-7046

(E. D. Oklahoma)

(D.C. No. CR-07-02-RAW)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Vincent Danyale Rogers was convicted on one count of distribution of
methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and sentenced to 120
months' imprisonment. His sole issue on appeal is that he was not properly
advised of his rights, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966),
before he made an incriminating statement.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We "view the evidence in the light most favorable to the district court's ruling." *United States v. Toro-Pelaez*, 107 F.3d 819, 826 (10th Cir. 1997). Oklahoma Bureau of Narcotics Agent Howard Peters testified as follows regarding the *Miranda* warnings given to Mr. Rogers:

> Q. And to your knowledge, was Mr. Rogers advised of his, what we refer to as Miranda rights
> A. Yes, he was.
> Q. Do you know who did that?
> A. DEA Agent Joe Bays.
> Q. Were you present when that took place?
> A. Yes, I was.
> Q. Do you know what rights Mr. Rogers was advised of?
> A. Well, they were—Agent Bays read them off of a card that's issued to them by DEA.
> . . .
> Q. And do you recall what rights the defendant was advised of?
> A. Yes. If I could refer to the card that I carry.
> Q. Is it the same type—does it have the same rights on it?
> A. It has the same rights. There may be some wording differences, but they are basically the same.
> . . .
> Q. What rights was the defendant advised of?
> A. You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have a right to talk to a lawyer and have him present with you while you're being questioned. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish. You can decide at any time to exercise these rights and not answer any questions or make any statements. Do you understand each of these rights that I've explained to you? Having these rights in mind, do you wish to talk to us?
> Q. Now, Agent Peters, you said that the card which Agent Bays used may have been worded a little differently, but were the same rights extended or given to the defendant?
> A. Yes.

R. Vol. III at 56–58.

Mr. Rogers contends that the "'wording differences' between what Agent Bays read and what Agent Peters would have read to [Mr. Rogers]" indicate that what was read to Mr. Rogers differed from what is required by *Miranda*. Aplt. Br. at 9. His argument is unavailing. The Supreme Court has made clear that "*Miranda* warnings [need not] be given in the exact form described in that decision." *Duckworth v. Eagan*,492 us 195 492 U.S. 195, 202 (1989). Rather, "[t]he inquiry [on review] is simply whether the warnings reasonably conve[y] to [a suspect] his rights as required by *Miranda*." *Id.* at 203 (internal quotation marks omitted). The quoted testimony supports a finding that Mr. Rogers was properly advised of his rights.

Therefore, we AFFIRM the decision of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge